EADS ET AL., APPELLANTS, *v.* AXLE SURGEONS, INC., APPELLEE.

(No. S-86-57 — Decided September 30, 1987.)

*Jerry W. Semer,* for appellants.
*Scranton & Solze Co., L.P.A.,* and *Norman P. Solze,* for appellee.

*Per Curiam.* This cause comes on appeal from a judgment of the Sandusky County Court of Common Pleas, wherein the trial court ruled in favor of defendant-appellee.

Plaintiffs-appellants, Paul Eads, John Heatherly, and Casey Conley, are all former employees of defendant-appellee, Axle Surgeons, Inc. (hereinafter "appellee" or "Axle"). Leo Sheets, who is president of Axle and runs the business, testified that Axle is an emergency truck roadside repair service. Sheets also testified that his employees work in Michigan, Pennsylvania, Ohio and West Virginia. Appellants did the same kind of work, which involved repair of burned-out wheel bearings on tractor and trailer trucks, with appellant Heatherly also taking on administrative responsibilities in the business. Appellants' work required that they travel to a desig-

nated repair site in order to perform the necessary work on the disabled vehicle.

On February 10, 1983, after appellants were no longer employed by Axle, they filed a six-count complaint against appellee alleging appellee's failure to compensate them pursuant to their contractual arrangements. The complaint also alleged violations of the overtime provisions of R.C. 4111.03 and of the Fair Labor Standards Act, Section 201 *et seq.,* Title 29, U.S. Code. In Count I of the complaint, appellant, Paul Eads, alleged that appellee failed to pay him wages during his training period as originally promised. In Counts II, III, and IV of the complaint, all of the appellants alleged violations of the overtime provisions of R.C. 4111.03 and of the Fair Labor Standards Act. In Count V, appellants Eads and Heatherly alleged that appellee promised, but failed, to pay them a bonus for the work which they performed in March 1982. In Count VI, appellants Eads and Heatherly alleged that appellee promised, but failed, to compensate them at a rate of twenty-five percent of gross receipts for work performed on their days off.

On March 21, 1984, after the pleadings and discovery were completed, appellee filed a motion for summary judgment. On December 12, 1984, the trial court granted appellee's motion for summary judgment. The order was appealed and on August 23, 1985, this court reversed the trial court's decision and remanded the case for trial. *Eads* v. *Axle Surgeons, Inc.* (Aug. 23, 1985), Sandusky App. No. S-85-1, unreported.

The case was tried to the court on December 30, 1985. On October 29, 1986, the trial court rendered judgment for appellee, finding that appellee was exempt from the overtime provisions of R.C. 4111.03(A) and Section 207(a)(1), Title 29, U.S. Code, and

that, therefore, all of the appellants' claims should proceed under the common law. The trial court then determined that appellants' claims were too speculative to warrant recovery under the common law.

Appellants have filed a timely notice of appeal from the trial court's October 29, 1986 entry and cite the following as their assignments of error:

"1. The court erred when it held that the defendant was exempt from the overtime provision of the Fair Labor Standard[s] Act (29 USCA 20[7]) and Ohio Revised Code, Section 4111.03(A), because of Section 29 USCA 207(f).

"2. The court's finding that plaintiff's [*sic*] damages were too speculative to allow was against the manifest weight of the evidence."

Both assignments of error are interrelated and will be addressed together.

The issues raised in appellants' first assignment of error address only their claim to overtime wages pursuant to R.C. 4111.03(A) and Section 207, Title 29, U.S. Code ("Section 207"). The fundamental question raised in appellants' first assignment of error is whether the trial court erred in determining that appellee qualified for the exemption provided in Section 207(f) thereby exonerating appellee of all responsibility for payment of overtime wages to appellants.

In Ohio, claims for overtime pay are generally governed by R.C. 4111.03(A), which stated in pertinent part:

"An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Federal Fair

Labor Standards Act of 1938,' 52 Stat. 1060, 29 U.S.C. 207, 213, as amended."

The trial court herein determined that appellee was exempt from the overtime requirements of the statutes based on the exemption provided in Section 207(f). Section 207(a)(1) basically specifies when overtime must be paid and provides in part:

"Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

Section 207(f) provides an exemption from the overtime requirements specified in Section 207(a) and provides as follows:

"No employer shall be deemed to have violated subsection (a) of this section by employing any employee for a workweek in excess of the maximum workweek applicable to such employee under subsection (a) of this section if such employee is employed pursuant to a bona fide individual contract, or pursuant to an agreement made as a result of collective bargaining by representatives of employees, if the duties of such employee necessitate irregular hours of work, and the contract or agreement (1) specifies a regular rate of pay of not less than the minimum hourly rate provided in subsection (a) or (b) of section 206 of this title (whichever may be applicable) and compensation at not less than one and one-half times such rate for all hours worked in excess of such maximum workweek, and (2) provides a weekly guaranty of pay for not more than sixty hours based on the rates so specified."

The plain language of Section 207(f) indicates that in order for there to exist a "bona fide individual contract" exempt from the overtime requirements of Section 207(a), the following requirements must be met: (1) the employee must work irregular hours; (2) the contract or agreement between the employer and the employee must specify a regular rate of pay not less than the federally mandated minimum wage; (3) the contract or agreement must also provide for overtime compensation of at least one and one-half times the regular wage rate for hours worked over forty; and (4) the contract or agreement must provide a weekly guarantee of pay for not more than sixty hours based on the rates specified. See *Donovan* v. *Brown Equipment & Service Tools, Inc.* (C.A. 5, 1982), 666 F. 2d 148, 153.

Additionally, "an employer who invokes the * * * exception has the burden of showing affirmatively that each of the essential conditions to the exception are [*sic*] met. * * *" *Id.* at 153.

Our examination of the record herein demonstrates that the working relationship between appellants and appellee fails to qualify as a bona fide individual contract on two grounds. First, appellee failed to demonstrate that appellants worked irregular hours. Second, the agreement between the parties did not provide that appellants would be paid, nor were they paid, one and one-half times the regular rate for hours worked over forty hours per week. We will first address appellee's failure to demonstrate that appellants worked irregular hours.

In *Donovan, supra,* the court defined "irregular hours of work" as follows:

"As used in the statute, the term,

'irregular hours of work,' does not mean merely a fluctuating long workweek, consisting only or mostly of variations in the hours required over forty. For hours to be considered irregular within the meaning of section 7(f), they must, in a significant number of weeks, fluctuate both below forty hours per week as well as above, and the fluctuations below forty must result from work requirements, not vacations, holidays, illness or reasons personal to the employee. This follows from one of the basic purposes of the exception, to protect employees against 'short' paychecks when the nature of their work requires weeks of substantially fewer than forty hours." (Footnote omitted.) *Id.* at 154.

See, also, *Harp* v. *Continental/Moss-Gordin Gin Co.* (M.D. Ala. 1966), 259 F. Supp. 198, affirmed (C.A. 5, 1967), 386 F. 2d 995. For cases wherein the United States Supreme Court specifically held that the employees worked irregular hours, see *Walling* v. *A.H. Belo Corp.* (1942), 316 U.S. 624, and *Walling* v. *Halliburton Oil Well Cementing Co.* (1947), 331 U.S. 17 (The work hours were dependent upon irregular and unpredictable occurrences and demands in the services provided by the employer and fluctuated drastically from week to week.).

The record demonstrates that appellants did not work "irregular hours of employment" as defined *supra.* Nowhere in the record is there evidence that appellants' work hours fluctuated greatly below forty hours per week in a significant number of workweeks. The only fluctuation appeared in the number of overtime hours worked. Heatherly was the only employee, as to whom Sheets testified, who did not always work forty hours per week. However, Sheets did not attribute this to a greatly fluctuating demand for the business's services;

rather, Sheets appears to blame it on personal time off.

Additionally, as indicated *supra,* appellee also failed to demonstrate that the claimed "bona fide individual contract" specified that appellants were to be paid one and one-half times their regular rate for overtime work. Sheets testified that when he entered into the oral employment agreement with appellants, neither hours of work nor overtime pay was specified. There is also testimony that appellants were to work fifty hours per week, initially at $300 per week then at $350 per week and finally at $400 per week. The only overtime compensation ever paid to appellants was paid at a rate of $8 per overtime hour. A rate of $8 per overtime hour is lower than one and one-half times the regular wage rates for overtime work. If appellants had been paid one and one-half times the regular wage rate for overtime work, and they were earning $300 per week for fifty hours of work, they should have been paid $9 per hour for overtime work; $10.50 per hour for overtime work when they were earning $350 per week for fifty hours of work; and $12 per hour for overtime work when they were earning $400 per week for fifty hours of work.

As appellee was not exempt from the overtime requirements of R.C. 4111.03 and Section 207, appellants' overtime claims must be determined pursuant to the Federal Fair Labor Standards Act. In *Anderson* v. *Mt. Clemens Pottery Co.* (1946), 328 U.S. 680, the United States Supreme Court provided that the following standard of proof applies in assessing claims for overtime pay pursuant to Section 207(a):

"* * * [A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show

the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. * * *'' *Id.* at 687-688.

In this case the trial court did not apply the foregoing standard. Instead, after finding that the Federal Fair Labor Standards Act did not apply, the court applied principles of common law. Upon application of contract law, the court concluded that an implied contract as to overtime work existed but further found the damages to be speculative. Specifically, the court concluded:

"Although the court finds that there is an implied contract for the payment of overtime compensation, the testimony in support of this claim stretches one's ability to accept the facts as stated by plaintiff[s] to be true. I do not believe that these plaintiffs worked the number of hours per week that they claimed to have worked. There are no time cards, no records, no memoranda or anything but memory, vague memory, to support the times testified to. For example, Eads claims to have worked 894.75 hours in a twelve week period. A typical 40 hour week times 12 weeks totals 480 hours. This averages out to be 74.56 hours per week. This means that Eads worked 14.9 hours per day (assuming a 5 day work week). This would allow for less than 8 hours per day for rest. This is incredible and the principle applies to each plaintiff."

Although we find that the trial court erred in applying principles of common law, the result is the same upon application of the standard enunciated in *Anderson, supra.* Appellants failed to produce sufficient evidence to "show the amount and extent of that work as a matter of just and reasonable inference." Appellee, on the other hand, came forward with evidence "to negative the reasonableness of the inference to be drawn from the employee's evidence." Although appellants submitted time sheets which they had kept in the course of employment, sufficient evidence was presented negating the reasonableness of overtime hours documented therein. Basically, Sheets testified that many of the jobs did not take as long to complete as indicated on the time sheets. Furthermore, upon reviewing the time sheets, we agree with the trial court and similarly find representations made therein incredible.

Appellants Heatherly and Eads also claimed that they were not paid for bonuses and for work on certain days off. Although the trial court did not specifically address these claims, a review of the trial court's decision and journal entry indicates that the trial court did not believe appellants' testimony as to these claims either. Instead the trial court chose to believe Sheets's testimony. Sheets admitted talking about the bonuses and pay for work done on days off; however, he denied making a firm commitment.

Based on the foregoing, we find that the trial court's judgment is supported by competent, credible evidence going to all the essential elements of the case. See *C.E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578; *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 80, 10 OBR 408, 411, 461 N.E. 2d 1273, 1276. Accordingly, appellants' assignments of error are not well-taken.

On consideration whereof, the

judgment of the Sandusky County Court of Common Pleas is affirmed. Costs to appellants.

*Judgment affirmed.*

CONNORS, RESNICK and GLASSER, JJ., concur.